RECEIVED
MAR 12 2012
CLERK U.S. DISTRICT COURT
SIOUX FALLS, S. DAK.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK JON THIELSEN, | * | CIV 10-1029-RAL |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DISMISSING PETITION |
| DOUGLAS WEBER, Warden of the South | * | |
| Dakota State Penitentiary; and MARTY J. | * | |
| JACKLEY, South Dakota Attorney General, | * | |
| | * | |
| Respondents. | * | |

Petitioner, Patrick Jon Thielsen, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Thielsen is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Respondents, Warden Weber and Attorney General Jackley, move to dismiss Thielsen's petition contending that Thielsen procedurally defaulted the claims before this Court. Doc. 12. For the reasons explained, this Court dismisses Thielsen's petition.

I. FACTS

On November 9, 2001, Thielsen was indicted in state court in Brown County, South Dakota, for the felony murder of Kelly Ryan or in the alternative, the first degree murder of Kelly Ryan. Thielsen also was charged with the second degree rapes of T.L.J. and Kelly Ryan, and aggravated assault against a jailer while trying to escape from custody. See State v. Thielsen, 2004 S.D. 17, 675 N.W.2d 429. The state court appointed counsel to represent Thielsen and authorized another attorney with experience in capital cases to act as a consultant. Thielsen initially pleaded not guilty to the charges. On November 11, 2002, the day before trial for the rape of T.L.J., the Brown County State's Attorney proposed a plea bargain to defense counsel, under which Thielsen

would plead guilty to the murder of Kelly Ryan and the rape of T.L.J. In exchange for his plea, the state agreed to drop the remaining charges and not to seek the death penalty.

After consulting with his attorneys for two hours, Thielsen signed the plea agreement. Thielsen's change of plea hearing was held later that morning. After the plea colloquy, the court found that Thielsen was acting knowingly and intelligently, was represented by counsel, was competent to enter a plea, and understood the nature and consequences of the plea. The court then recessed so the factual basis statement could be prepared. Thielsen was given time to review the factual basis statement and consult with his attorneys and with his wife. The hearing reconvened and the judge asked Thielsen whether he had the opportunity to examine the factual basis statement, whether he read it, whether he signed it, whether he consulted with his attorneys before signing it, whether he voluntarily signed it, whether he understood it, and whether the stipulated statement was true and correct. Thielsen replied yes to all those questions. The factual basis statement then was read aloud and the court accepted Thielsen's plea.

Thielsen's sentencing was set for November 21, 2002. Prior to his sentencing hearing, Thielsen prepared a pro se motion to withdraw his plea of guilty and a motion to dismiss his appointed counsel. The court denied Thielsen's pro se motions after a hearing, finding that Thielsen entered into the plea agreement knowingly and willingly and that Thielsen's testimony clearly demonstrated that he understood the proceedings. Thus, the court reasoned that his motion to withdraw his plea was frivolous. The South Dakota Supreme Court affirmed on February 4, 2004. See Thielsen, 2004 SD 17, 675 N.W.2d 429.

Thielsen subsequently filed a petition for writ of habeas corpus in state court. Neither party provided this Court with a copy of Thielsen's state habeas petition, but the circuit court stated that

Thielsen asserted three grounds for relief. Thielsen alleged that his sentence was unconstitutionally harsh and excessive and constituted cruel and unusual punishment, that he was not competent to enter a plea at the time of his arraignment, and that his trial counsel were ineffective in 13 different respects. Doc. 12-1 at 10. The state court denied his petition on September 2, 2009. Id. Thielsen filed a motion for the issuance of a certificate of probable cause on November 23, 2009. Doc. 12-2. The circuit court denied Thielsen's motion on the merits on December 18, 2009. Doc. 1-1 at 20. On January 19, 2010, Thielsen applied to the South Dakota Supreme Court for a certificate of probable cause, which the court denied as untimely on February 5, 2010. Doc. 1-1 at 22, 24.

## II. DISCUSSION

### A. Exhaustion and Procedural Default

A federal court may not consider a state prisoner's claim for habeas relief unless the petitioner has first exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that . . . [t]he applicant has exhausted the remedies available in the courts of the State."). In other words, the "state courts [must have] an opportunity to act on [the petitioner's] claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982).

Procedural default is a related rule. The United States Supreme Court explained that:

> [i]f we allowed state prisoners to obtain federal review simply by letting the time run on adequate and accessible state remedies and then rushing into the federal system, the comity interests that animate the exhaustion rule could easily be thwarted. We therefore ask in

3

> federal habeas cases not only whether an applicant has exhausted his
> state court remedies; we also ask how he has done so. This second
> inquiry forms the basis for our procedural default doctrine: A habeas
> petitioner who has concededly exhausted his state remedies must also
> have *properly* done so by giving the state a fair opportunity to pass
> upon his claims.

O'Sullivan v. Boerckel, 526 U.S. 838, 853-54 (internal citations omitted). "If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issue now." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). The doctrine of procedural default "is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002) (internal quotations omitted). "The cause and prejudice requirement shows due regard for the States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus." Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Dretke v. Haley, 541 U.S. 386, 393 (2004)).

**B. Procedural Default of Thielsen's Claims**

Respondents argue that Thielsen's claims are procedurally defaulted by his failure to timely file a motion for a certificate of appealability from the South Dakota Supreme Court. It is well established that "a failure to exhaust remedies properly in accordance with state procedure results in a procedural default of the prisoner's claims." Pierce v. Dooley, Civ. No. 10-4055, 2011 WL 860430 at *5 (D.S.D. Mar. 8, 2011) (citing O'Sullivan, 526 U.S. at 848). Respondent's argument is correct; Thielsen has "procedurally defaulted his claim[s] in state court, because he failed to seek discretionary review before the South Dakota Supreme Court by [timely] requesting a certificate of probable cause." Two Eagle v. Weber, Civ. No. 10-5036, 2010 WL 4237223 at *5 (D.S.D. Oct.

4

21, 2010). In his petition, Thielsen argues that the South Dakota Supreme Court "would not accept the appeal" from the denial of his petition for habeas corpus in state court. Doc. 1 at 6. But the record demonstrates that the South Dakota Supreme Court "refused to hear the appeal" due to Thielsen's failure to timely file a motion for a certificate of probable cause.

Under South Dakota law, "following a state trial court's denial of habeas relief, the petitioner must ask the trial court to issue a certificate of probable cause that an appealable issue exists." Two Eagle, 2010 WL 4237223 at *4 (citing SDCL 21-27-18.1). SDCL 21-27-18.1 requires that a motion seeking a certificate of probable cause "be filed within thirty days from the date the final judgment or order is entered." The circuit court denied Thielsen's habeas petition on September 3, 2009. Doc. 12-1. Thielsen did not file a motion for a certificate of probable cause until November 23, 2009, far beyond the 30-day statutory period. Doc. 12-2. The circuit court denied Thielsen's motion on the merits on December 18, 2009. Doc. 1-1 at 20. SDCL 21-27-18.1 permits a petitioner "upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." There does not appear to be any exception for the 20-day period under South Dakota law. See Two Eagle, 2010 WL 4237223 at *4. Thielsen did not file his motion for a certificate of probable cause with the South Dakota Supreme Court until January 19, 2010, again beyond the allotted time period. Under South Dakota law, a motion for a certificate of probable cause must be dismissed as untimely, even if filed only one day late. See Hannon v. Weber, 2001 S.D. 146, ¶ 8, 638 N.W.2d 48, 50 ("Pursuant to the filing deadlines of the statute, this Court dismisses motions for certificate of probable cause that are untimely filed. Many of these are filed only one day late."). Thus, Thielsen has procedurally defaulted his claims.

Thielsen argues that his procedural default is not "an independent and adequate state law" ground barring him from federal habeas relief. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). Thielsen asserts that the South Dakota Supreme Court has adopted federal standards in determining whether a certificate of probable cause should issue. Doc. 15 at 3 (citing Lange v. Weber, 1999 S.D. 138, 602 N.W.2d 273). In Coleman, the Supreme Court observed that "federal courts on habeas corpus review of state prisoner claims . . . will presume that there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." 501 U.S. at 734-35 (internal quotations omitted). But here, the South Dakota Supreme Court denied Thielsen's application for a certificate of probable cause not on the merits, using federal standards, but rather as untimely under state law. Thus, Thielsen's argument is unavailing. Thielsen's failure to timely file a motion for a certificate of probable cause with the South Dakota Supreme Court is an independent and adequate state law ground barring review of his claims. See Creek v. Weber, 598 F. Supp. 2d 1004, 1020 n.5 (D.S.D. 2009) (holding that South Dakota's certificate of probable cause requirement is an independent and adequate state law ground for procedural default precluding federal review). Thielsen's petition consequently is subject to dismissal unless he can demonstrate cause and prejudice or that a fundamental miscarriage of justice would occur if his claim were not considered on the merits. See Coleman, 501 U.S. at 750.

## C. Analysis of Cause and Prejudice or the Fundamental Miscarriage of Justice

To demonstrate cause, Thielsen must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier,

6

477 U.S. 478, 488 (1986). The cause of the default must be "something *external* to [the petitioner], something that cannot fairly be attributed to him." Greer v. Minnesota, 493 F.3d 952, 958 (8th Cir. 2007) (internal quotations omitted). Thielsen asserts that his procedural default should be excused because the "failure to file Motion for Issuance of Certificate of Probable Cause is directly attributable to the inaction of an attorney Petitioner was forced to take." Doc. 15 at 4. But "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 753 (citing Murray, 477 U.S. at 488). There is no federal constitutional right to the assistance of counsel in a habeas corpus proceeding and "where there is no constitutional right to counsel there can be no deprivation of effective assistance." Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007). Thielsen was entitled to effective assistance of habeas counsel under South Dakota law, see Jackson v. Weber, 2001 S.D. 30, 637 N.W.2d 19, but he has never claimed in state court that his habeas counsel was ineffective. Thus, even if ineffective assistance of counsel could serve as cause to excuse Thielsen's procedural default, the ineffective assistance claim itself must have been fairly presented to the state court as an independent challenge to the validity of the conviction at issue. See, e.g., Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) (finding that although "constitutionally ineffective assistance can serve as a cause excusing a procedural default, the ineffective assistance claim must be raised in the state post conviction proceedings before it can be relied upon in a federal habeas proceeding." (internal citations omitted)); Jackson v. Fabian, Civ. 09-845, 2010 WL 3269882 at *2 (D. Minn. Aug. 17, 2010) ("a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."

(internal citations, marks, and quotations omitted)). The Eighth Circuit has "insisted [] that a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996) (internal quotations and marks omitted). Because Thielsen failed to present his claim that his attorney erred in failing to file a timely motion for a certificate of probable cause to the South Dakota state courts, he cannot claim that error to establish cause for procedural default.

Thielsen has failed to establish cause for his procedural default. Therefore, this Court need not consider whether he has demonstrated prejudice. See Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) ("If a prisoner fails to demonstrate cause, the court need not address prejudice."); Abdullah v. Groose, 75 F.3d 408, 413 (8th Cir. 1996) (same).

Nor has Thielsen shown that a fundamental miscarriage of justice would result if the Court does not consider his claims. In Schlup v. Delo, 513 U.S. 298, 324 (1995), the United States Supreme Court set forth a rule for applying the fundamental miscarriage of justice exception. "Schlup provides that a habeas petitioner may obtain review of otherwise barred claims if he produces reliable new evidence not available at trial establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Amrine v. Bowersox, 238 F.3d 1023, 1028 (8th Cir. 2001) (Amrine II). The United States Court of Appeals for the Eighth Circuit has interpreted the new evidence requirement to require not only evidence unavailable at trial, but also "new reliable evidence which was not available at trial through the exercise of due diligence." Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011); Amrine II, 238 F.3d at 1029.

8

Thielsen has not presented any evidence of his innocence. He now contends that his attorneys "accepted whatever State told them and would not seek independent testing of evidence." Doc. 1 at 6. But this unsupported assertion is not "reliable new evidence" of Thielsen's innocence. See Kidd, 651 F.3d at 953. Nor does it detract from the finding that Thielsen's guilty plea was voluntarily and intelligently made. On direct appeal, when Thielsen asserted his innocence in attempting to withdraw his guilty plea, the South Dakota Supreme Court found that he "presented no evidence to the trial court demonstrating such innocence." State v. Thielsen, 2004 S.D. 17, ¶ 19, 675 N.W.2d 429, 434. Thielsen "produced no evidence during his hearing that his plea was contrary to the truth." Id. at ¶ 20, 675 N.W.2d at 434. "Without more than a self-serving declaration of innocence, [Thielsen's] argument is without merit." Id. at ¶ 19, 675 N.W.2d at 434. The state habeas court also found that Thielsen was not a credible witness and stated "I believe he lied during his testimony and I reject all of his testimony." Doc. 1-1 at 12. Thielsen has not presented any further evidence to this Court. Thus, the miscarriage of justice exception does not excuse Thielsen's procedural default of his claims.

## III. CONCLUSION AND ORDER

Thielsen has procedurally defaulted his claims by failing to file a timely motion for a certificate of probable cause with the South Dakota Supreme Court. Because Thielsen cannot establish cause for the default and actual prejudice or that failure to consider his claims will result in a fundamental miscarriage of justice, his procedural default is not excused. Therefore, it is

ORDERED that Respondents' Motion to Dismiss (Doc. 12) is granted. It is further

ORDERED that Thielsen's Petition for a Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is dismissed. It is further

ORDERED that Thielsen is notified that **he may not appeal the denial of his § 2254 petition unless he receives a certificate of appealability from this court.** In order to receive a certificate of appealability, Thielsen is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is further

ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, **Thielsen will have 21 days to submit arguments on whether a certificate of appealability should issue. Thielsen is directed to <u>identify the issues</u> for which he seeks a certificate of appealability. Respondent will have 14 days to respond to Thielsen's arguments**.

Dated March 12, 2012.

BY THE COURT:

*[signature]*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE